UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DWIGHT BROWN                                                                                   PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:10CV175 DPJ-FKB

EATON CORPORATION                                                                         DEFENDANT

ORDER

This employment-discrimination suit is before the Court on motion of Defendant Eaton Aerospace, LLC for dismissal and partial summary judgment. Plaintiff Dwight Brown has responded in opposition. The Court, having considered the memoranda and submissions of the parties, along with the pertinent authorities, finds that Defendant's motion should be granted in part and denied in part as set forth herein.

I.     Facts

Dwight Brown worked for Eaton from 1984 to 2009, when Eaton purportedly terminated him for consuming a beer during his lunch break. Brown, who is black, believes his discharge was motivated by race because other employees have consumed alcohol during lunch and were not disciplined or terminated. Complaint ¶ 7. Aggrieved, Brown filed a charge of race discrimination with the Equal Employment Opportunity Commission (EEOC) on March 11, 2009. Plaintiff avers that he "did not receive his right to sue letter until February 19, 2010," *id.* ¶ 8, even though the letter, which is attached to his Complaint, is dated September 28, 2009. Brown filed suit on March 23, 2010, asserting various claims, including race discrimination and breach of contract. Eaton moved for dismissal and partial summary judgment.

II.      Summary Judgment Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150 (2000).

III.     Analysis

Brown references a number of causes of action/claims in his Complaint, all of which were addressed by Eaton in its motion.  Plaintiff, in his response, defended only his race discrimination and breach of contract claims.  Likewise, the Court focuses its attention on these two claims and gathers that Brown has conceded to dismissal of the rest.[1]

   A.     Title VII Race Discrimination Claim

In its motion, Eaton contends summary judgment is appropriate as to Brown's race discrimination claim because he filed suit more than ninety (90) days after he should have received his dismissal and notice of right to sue from the EEOC.  "A plaintiff alleging employment discrimination must file a civil action no more than ninety days after she receives statutory notice of her right to sue from the EEOC."  *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (internal citations and quotations omitted).

Eaton points to notes made by EEOC Investigator Larry Turner on September 25, 2009, as part of the "Pre-Determination Interview."

> I called CP and told him that I had reviewed the records, talked to Thomas, and checked on Stevens.  I told CP that the evidence was sufficient [sic] to show that he was discharged because of his race. . . .  I told CP that we were dismissing his charge and issuing a RTS which will enable him to sue R in court if he chooses.  CP offered no additional information.

Defendant Motion, Exh. B.  These notes are part of the investigative file Eaton received from the EEOC.  Eaton also produced its copy of the notice of right to sue letter, which was stamped

---

[1] These other claims include national origin and age discrimination, wrongful discharge, fraud, intentional infliction of emotional distress, and claims arising under the United States Constitution and 42 U.S.C. § 1981.  Eaton moved to dismiss these claims pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), and its motion otherwise appears meritorious.

received on October 2, 2009, and a copy of the envelope containing the letter, which was postmarked September 28, 2009.

For his part, Brown has submitted two declarations. The first, which was attached to his Complaint, sets out the following chain of events. Sometime after September 17, 2009, Brown received a letter from Larry E. Turner, the investigator, informing him that his complaint was under investigation and to allow the EEOC thirty days to contact him. Pl.'s Compl. [Ex. 3] ¶ 6. Brown waited thirty days, then began contacting the EEOC by telephone and in person, but was unable to speak or meet with anyone until February 2010. *Id*. ¶¶ 7, 8. Brown then spoke with Turner and Turner's supervisor, Eszean McDuffey, who told him the notice of right to sue letter had already been sent to him. *Id*. ¶ 9. Brown maintains that he "never received the Right to Sue Letter in the mail" and he "never received any findings from the EEOC regarding their investigation." *Id*. ¶¶ 10, 11. Brown also presented a second declaration in response to the motion, wherein he makes the following statements:

> No one from the EEOC including Larry E. Turner informed me when a 90 day period to file a lawsuit would begin.
>
> No one from the EEOC including Larry E. Turner ever informed me that the investigation into the matter was completely closed.

Pl.'s Resp. [12] (Exh. 3).

Eaton has not produced evidence that the EEOC sent the notice of right to sue to Brown. Larry Turner's notes indicate only that a dismissal and right to sue letter were forthcoming. Furthermore, Brown has sworn in his declaration that despite his attempts to follow-up with the EEOC on several occasions, he never received a copy of the right to sue letter in the mail. Viewing the evidence in the light most favorable to Brown, there is a question of fact as to

whether his Title VII suit is timely. *See Duron*, 560 F.3d at 291 (reversing dismissal for failure to file suit within ninety days where the employer did not produce evidence that the EEOC sent the notice and the plaintiff provided a sworn affidavit that she did not receive the notice and evidence that she made attempts to contact the EEOC about the status of her charge).[2] Summary judgment is denied.

B. Breach of Contract

Brown's breach of contract claim is rooted in his belief that Eaton violated the terms of its substance abuse policy in terminating his employment. Brown does not dispute that he drank a beer and returned to work; he contends that Eaton should have followed a progressive disciplinary step process based on the infraction. *See* Response at 6.

Eaton's motion is largely based on its claim that Brown was an at-will employee and that the termination complied with its policy. Plaintiff has requested additional discovery under the former Rule 56(f), contending primarily that he must determine whether language preserving at-will status found in the employee handbook was in effect and made known to him during the relevant time. Because this case will proceed through discovery on the Title VII claim, the Court will deny this portion of the motion without prejudice. Defendant may re-urge the motion when the record is more complete.

---

[2] Eaton relies on *Ebbert v. DaimlerChrysler Corp.*, where the Third Circuit Court of Appeals noted that oral notice can suffice to start the ninety-day period. 319 F.3d 103, 116 (3d Cir. 2003). But the holding in *Ebbert* is that oral notice "must be equivalent to written notice" to trigger the limitations period. *Id.* at 116. Significantly, the court found no evidence indicating that the plaintiff knew when the ninety-day limitations period would start and therefore reversed the district court's grant of summary judgment for the employer. *Id.* at 117. The present matter is in a similar posture. Eaton also relies upon *Hunter-Reed v. City of Houston*, but that case is factually distinguishable. 244 F. Supp. 2d 733 (S.D. Tex. 2003).

IV.     Conclusion

Defendant's motion for summary judgment is denied as to Brown's Title VII claim and denied without prejudice as to Brown's breach of contract claim.  Plaintiff's remaining claims are dismissed pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

**SO ORDERED AND ADJUDGED** this the 31st day of January, 2011.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE